The Honorable Gordon Webb Prosecuting Attorney Fourteenth Judicial District P.O. Box 483 Harrison, AR 72601
Dear Mr. Webb:
This is in response to your request for an opinion regarding A.C.A. § 3-8-205(a) (1987), which states:
 When thirty percent (30%) of the qualified electors, as shown on the voter registration records of the county, shall file petitions with the county clerk of any county within this state, praying that an election be held in a designated county, township, municipality, ward, or precinct, to determine whether or not licenses shall be granted for the manufacture or sale, or the bartering, loaning, or giving away of intoxicating liquor within the designated territory, the county clerk, within ten (10) days thereafter, shall determine the sufficiency of the petition.
Your specific question is as follows:
 What date should be used to determine the thirty percent (30%) of the qualified electors, as shown on the registration records of the county?
It is my opinion that the operative date is the date of the petition filing. In determining the sufficiency of the petitions, the county clerk must decide whether the signatures constitute thirty percent of the qualified electors, "as shown on the voter registration records of the county." Of course, the petition process is the means by which the question shall be placed on the ballot. It is therefore reasonable to conclude that the thirty percent requirement must be met at the time the petitions are filed. The clerk should look at the registration records at that point in time in making the sufficiency determination. This interpretation reasonably effects the statute's purpose, and avoids absurd consequences. It is therefore consistent with established rules of statutory construction. See generallyAshley, Drew Northern Ry. v. United Transp. U., 625 F.2d 1357
(8th Cir. 1980).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh